Joel M. Feinstein, Esq. SBN: 177546
*jfeinstein@joelfeinsteinlaw.com*
Chris T. Nguyen, Esq. SBN: 259922
*chris.nguyen@joelfeinsteinlaw.com*
Law Offices of Joel M. Feinstein, APC
2021 Business Center Drive, Suite 213
Irvine, CA 92612
Tel.: (949) 419-8912
Fax: (888) 900-5155

Attorney for Plaintiff,
Robert Delgado

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DELGADO,<br><br>            Plaintiff,<br><br>v.<br><br><br>NATIONSTAR MORTGAGE, LLC; and DOES 1 THROUGH 10, inclusive,<br><br>            Defendants. | Case No.: 2:14-CV-02547-JC<br><br>[*Assigned to the Hon. Otis D. Wright, II*]<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDEDCOMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:<br><br>Date:   June 2, 2014<br>Time:   1:30 pm<br>Ctrm: |

   Plaintiff, Robert Delgado, submit this Opposition to the Motion to Dismiss for failure to state causes of action filed by Defendant Nationstar Mortgage, LLC ("Nationstar").

   Plaintiff contends that his complaint does in fact allege sufficient facts to state a cause of action against Defendant. Therefore, this Court should deny Defendant's Motion.

The Opposition to the Motion will be based on this Opposition, the attached Memorandum of Points and Authorities, all pleadings and documents on file in this adversary proceeding, all matters properly subject to judicial notice, and such other matters as may be presented to the Court prior to the determination of the Motion.

DATED:  May 12, 2014                    LAW OFFICES OF JOEL M. FEINSTEIN, APC

                                        /s/ Chris T. Nguyen SBN 259922
                                        CHRIS T. NGUYEN, ESQ.
                                        Attorney for Plaintiff Robert Delgado

DELGADO v. NATIONSTAR MORTGAGE, LLC – PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Plaintiff filed its First Amended Complaint with two causes of actions; one for negligence in the servicing of the mortgage account and violations of the Bus. & Prof. Code § 17200. Defendant's motion to dismiss to this first amended complaint is another attempt by it to dodge and deny its wrongful conduct when Plaintiff sought its assistance for loss mitigation options. Plaintiff seeks relief from the resulting damages due to delay loss mitigation process purposefully implemented by Defendant Nationstar.

For the reasons detailed below, Plaintiff respectfully requests Defendant's motion to dismiss be denied in full. Where Defendant's motion is sustained, Plaintiff respectfully requests leave to amend.

Plaintiff bases its action upon facts surrounding Defendant's conduct when Plaintiff sought loss mitigation assistance overall. Plaintiff's request to be reviewed and thereafter Defendant's undertaking to review for loss mitigation was frustrated by Defendant's own conduct. At no time did Defendant properly take appropriate steps to communicate with Plaintiff and review Plaintiff for programs readily available. Such purposeful and/or negligent conduct caused Plaintiff to be in a worse situation as loss mitigation efforts are time sensitive. Here, Defendant merely attempted to delay the process to ultimately cause foreclosure to occur. Although a notice of default has not yet been recorded, the imminent risk of foreclosure is still great.

## II. Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of their 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

(quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F. 3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F. 3d 979, 988 (9th Cir. 2001); *Parks Sch. of Bus., Inc. v. Symington*, 51 F. 3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Sprewell*, 266 F.3d at 988; *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pac. Police Dept.*, 901 F. 2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). *In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F. 3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Fed. R. of Evid. 201. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F. 3d 970, 986 (9th Cir. 1999); *Lee v. City of Los Angeles*, 250 F. 3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). *United States v. City of Redwood City*, 640 F. 2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a).

### III. Argument

**A. Plaintiff's Cause of Action for Claim for Violation of the Homeowners' Bill of Rights (HBOR) is Sufficiently Pled Where Defendant Has Employed a Systematic Tactic of Delaying Immediate and Appropriate Loss Mitigation Assistance and Violated the Steps Required to Assist in Foreclosure Alternatives.**

Plaintiff's cause of action for violation of HBOR is sufficiently pled as it attacks that Defendant have failed to properly communicate with Plaintiff to discuss and explore foreclosure alternatives. In particular, Plaintiff submitted an application and a single point of contact was not assigned as required under Ca. Civ. Code § 2923.7 of HBOR. HBOR was enacted to curb high foreclosure and provide a process to prevent mortgage servicers to cause undue delay in the communication and loan modification review process. However, here, communication was severely obstructed due to the process implemented by Defendant Nationstar. It failed to assign a single point of contact which result in the multiple representatives requesting the same documents a redundant amount of times – ultimately denying Plaintiff on alleged lack of documents rather than the merits of Plaintiff's financial situation. Plaintiff was unable to address the issues and discuss his financial hardship. Had Defendant Nationstar abided by the its requirements, a review for loan modification would have timely been conducted and more importantly, on the merits of Plaintiff's financial situation.

Plaintiff has alleged that Defendant have failed to act as required under the statute. Plaintiff has alleged that its claims, facts and matter of dispute of facts is not appropriate to be determined on a motion to dismiss pursuant to Rule 12(b)(6). A court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. *Pareto v. F.D.I.C.*, 139 F. 3d

696, 699 (9th Cir. 1998). As such, the allegations pled in Plaintiff' complaint have sufficient weight and should not be dismissed pursuant to Rule12(b)(6).

### B. **Plaintiff's Cause of Action for Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing Claims are Sufficiently Alleged.**

The elements of a cause of action for breach of contract are: 1) the existence of the contract; 2) performance by the Plaintiff or excuse for non-performance; 3) breach by the defendant; and 4) damages. *First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001). A breach of contract may be established on the basis of either an express provision of the contract or on the implied covenant of good faith and fair dealing. *See Storek & Storek, Inc. v. Citicorp Real Estate, Inc*., 100 Cal. App. 4th 44, 55 (2002) (recognizing that "every contract imposes upon each party a duty of good faith and fair dealing in the performance of the contract such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract"). An implied covenant of good faith and fair dealing cannot contradict the express terms of a contract, however. *Id.* (citing *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal. 4th 342, 374 (1992)). "Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity." *Levy v. State Farm Mut. Auto. Ins. Co.*, 150 Cal. App. 4th 1, 5 (2007). "While [a pleading] includes relatively few details and does not append a copy of a written contract, it nevertheless [can] sufficiently allege[] all the required details of a breach of contract claim." *James River Ins. Co. v. DCMI, Inc., et al.*, 2012 U.S. Dist. LEXIS 96808 (N.D. Cal. July 12, 2012). *Cf. Tarmann v. State Farm Mut. Auto. Ins., Co.*, 2 Cal. App. 4th 153, 158 (1991) ("[T]he requirement of specificity is relaxed [in the context of fraud pleadings] when the allegations indicate that the defendant must necessarily possess full information concerning the facts of the

controversy or when the facts lie more in the knowledge of the opposite party." (internal quotations and citations omitted)).

Here, Defendant failed to honor the spirit of the agreement in place for a mortgage loan and repayment. There are times when economic hardships may occur for which both parties contemplate and provide potential remedies should they occur. Here, Defendant actively participate in numerous government loan modification programs, in-house modification programs and other options to assists with distressed borrowers to continue to afford their mortgages. However, Defendant failed to actually discuss any options including loan modification, forbearance, deferment or alternatives from foreclosure.

An application was submitted for a loan modification, however, no response was provided to why Plaintiff was denied to learn how to correct or qualify. No other options, readily available by Defendant, were even discussed or explored.

### C. **Plaintiffs' Cause of Action for Negligence Claim is Sufficiently Alleged Where Defendant Exceed the Scope of a Traditional Money Lender.**

"[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991). This rule, however, is limited in two ways. First, a lender may owe to a borrower a duty of care sounding in negligence when the lender's activities exceed those of a conventional lender. *See Wagner v. Benson*, 101 Cal. App. 3d 27, 35 (1980) ("Liability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender.") Second, even when a lender's acts are confined to their traditional scope, a six-factor test established in *Biakanja v. Irving*, 49 Cal. 2d 647 (1958), may deem a duty exists. The *Biakanja* test balances six non-

exhaustive factors: 1) "the extent to which the transaction was intended to affect the Plaintiffs"; 2) "the foreseeability of harm to him"; 3) "the degree of certainty that the Plaintiffs suffered injury"; 4) "the closeness of the connection between defendant's conduct and the injury suffered"; 5) "the moral blame attached to defendant's conduct"; and 6) "the policy of preventing future harm." *Biakanja v. Irving,* 49 Cal. 2d at 650.

### 1. Defendant exceeded its traditional money lending role.

Defendant owed Plaintiffs a duty of care as its activities exceeded the traditional scope of conventional money lending. Defendant's activities exceeded this scope when it executed a modification agreement with Plaintiffs. In doing this, Defendant ceased acting wholly as a money lender and began acting instead as an agent of the Departments of Treasury, and Housing and Urban Development, officiating their Home Affordable Modification Program through which Plaintiffs' modification was awarded. Further, according to the court in *Anaselli v. JP Morgan Chase Bank, N.A.*, 2011 U.S. Dist. LEXIS 32350 (N.D. Cal. Mar. 28, 2011), where a money lender offers an opportunity for loan modification and engages a borrower concerning a trial payment plan, it strays beyond its role as a silent lender and loan servicer, to act outside its usual domain. *Id.* at *21-*22. *See also Robinson v. Bank of Am.*, 2012 WL 1932842, at *7 (N.D. Cal. May 29, 2012); *Chancellor v. OneWest Bank*, 2012 WL 1868750, at *13-14 (N.D. Cal. May 22, 2012); *Johnson v. HSBC Bank USA, Nat. Ass'n*, 2012 WL 928433 (S.D. Cal. Mar. 19, 2012). In *Anaselli*, the court found a duty of care where the lender defendant offered the Plaintiffs borrowers a trial modification plan, then reneged on a promise to modify the plaintiffs' loan and reported the loan as past due thereby damaging their credit rating, despite the fact that plaintiffs made proper payments. *Id.* at *8.

This case is similar to *Anaselli*. Defendant promised to review Plaintiffs' a loan modification when it accepted it. Defendant, however, never conducted itself to review and perform under its duties as a servicer to review Plaintiffs.

### 2. Application of the *Biakanja* factors.

This Court should also find the six-factor test applicable and persuasive in showing Defendant owed Plaintiffs a duty of care, because 1) the loan modification was intended to affect Plaintiffs; 2) it was foreseeable that Plaintiffs could suffer harm such as foreclosure or credit damage; 3) while some injuries are uncertain, because a foreclosure sale has not yet occurred, Plaintiffs alleges emotional distress, credit damage, and costs and fees related to default; 4) there is a close connection between the misconduct alleged in accepting a loan modification application for review but blatantly failing to review it stringing Plaintiffs along.  The injury they suffered as a result of Defendant's ultimate on its lack of conduct; 5) Plaintiffs alleges unfair and unlawful competition which may sustain an inference of moral blameworthiness; and 6) there is a public policy aimed at preventing future harm to home loan borrowers. *See e.g.*, Civ. Code § 2923.6 (encouraging lenders to offer loan modifications to borrowers to mitigate the home foreclosure crisis).

All this is sufficiently alleged within the complaint to withstand dismissal.

### D. <u>Plaintiff's Cause of Action for Violation of Business & Prof Code Sections 17200 is Sufficiently Pled</u>

California Business & Professions Code sections 17200, *et seq.* prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice." To establish a violation of § 17200, a Plaintiff may establish a violation under any one of these prongs. An unlawful business practice is one that is "prohibited by law, where possible sources of law are defined broadly." *Multimedia Patent Trust v. Microsoft Corp.*, 2007 WL 2696675 (S.D. Cal. Sept. 10, 2007) (citation

omitted). A business practice is unfair, where the Plaintiff is a consumer rather than a competitor, where the injury caused by the allegedly unfair business practice: a) is substantial; b) is not outweighed by any countervailing benefits to consumers or to competitors; and c) could not reasonably have been avoided. *Camacho v. Auto. Club of S. Cal.* (2006) 142 Cal. App. 4th 1394, 1403. Finally, "a 'fraudulent' practice is defined more broadly than common law fraud and only requires a showing that "members of the public are likely to be deceived." *Multimedia Patent Trust*, 2007 WL 2696675 at * 11 (citations omitted).

A claim for unfair competition under California's UCL law may be brought "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Because the remedies available under the UCL are limited to restitution and injunctive relief, however, California courts have held that only money or property that is subject to restitution satisfies the UCL's standing requirement. *Citizens of Humanity, LLC v. Costco Wholesale Corp.*, (2009) 171 Cal. App. 4th 1, 22.

Defendant argues Plaintiff lacks standing here because they cannot demonstrate their having lost any money as required. While Plaintiff has been accrued foreclosure costs and fees related to their default forced per Defendant's wrongful and illegal actions, Defendant attempts to discredit this arguing there is no indication Plaintiff actually paid these costs or fees. But for Plaintiff to pay these fees would affirm the debt, which they disputes. Further, Plaintiff has suffered loss of home equity, which is monetary and it does not amount to an actual paying out of funds. Thus, Plaintiff has standing.

Defendants also argue that as Plaintiff's UCL claim is derivative, it fails because Plaintiff's other claims fail. On the contrary, Plaintiff's claims do not fail and thus neither should their UCL claim.

Defendants finally argue Plaintiff fails to allege any unlawful, unfair, or fraudulent conduct against Defendant. However, by re-alleging and incorporating preceding paragraphs, however, Plaintiff puts their complaint fully within the purview of the UCL, despite any vagueness that may be found within the claim itself.

In all, Defendant's motion to dismiss should be denied.

### IV. Conclusion

For the aforementioned reasons, Plaintiff respectfully requests that the Court deny, in its entirety, Defendant's motion to dismiss their complaint. If Plaintiff's complaint is defective for any reason, then they respectfully requests that they be given leave to amend.

DATED:  May 12, 2014              LAW OFFICES OF JOEL M. FEINSTEIN, APC

                                  BY:   /s/ Chris T. Nguyen SBN 259922
                                        CHRIS T. NGUYEN, ESQ.
                                        Attorney for Plaintiff Robert Delgado

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Irvine, California; my business address is Law Office of Joel M. Feinstein, APC at 2021 Business Center Drive, Suite 213, Irvine California, 92612.

On the date below, I served a copy of the foregoing document entitled:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

on the interested parties in said case as follows:

**Served Electronically via the Court's CM/ECF System:**

Attorneys for Defendant
Nationstar Mortgage, LLC
Carolyn A. Pearson (SBN 279533)
Carolyn.pearson@akerman.com
Akerman LLP
715 South Figueroa Street, 38th Floor
Tel: (213) 688-9500 | Fax: (213) 627-6342

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Irvine, California on May 12, 2014.

| Adriana Miranda | /s/ Adriana Miranda |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |