O

# United States District Court
# Central District of California

| | |
|---|---|
| ROBERTO DELGADO,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC;<br>DOES 1–10, inclusive,<br><br>Defendants. | Case No. 2:14-cv-02547-ODW(PJWx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PARTIAL LEAVE TO AMEND [6]** |

## I. INTRODUCTION

After Defendant Nationstar Mortgage LLC did not approve him for a loan modification, Plaintiff Roberto Delgado filed this action, alleging violations of California's Homeowners' Bill of Rights ("HBOR") and Unfair Competition Law ("UCL"); negligence and negligent infliction of emotional distress; and breach of the implied covenant of good faith and fair dealing. After considering the parties' arguments, the Court finds that Delgado's HBOR, negligence, negligent-infliction-of-emotional-distress, and breach claims fail as a matter of California law. The Court also finds that he failed to adequately plead the other claims. The Court thus **GRANTS** Nationstar's Motion with partial leave to amend.[1] (ECF No. 6.)

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Delgado owns the residence located at 410 West Elm Street, Compton, California 90220 (the "Property"). (Compl. ¶ 1; RJN Ex. 1.) On February 23, 2007, Delgado borrowed $312,000.00 from Homefield Financial, Inc. and executed a deed of trust for the benefit of Mortgage Electronic Registration Systems, Inc ("MERS"). (RJN Ex. 1.) Delgado subsequently fell behind on the note by $5,261.08, and Cal-Western Reconveyance Corporation—the note's last trustee—recorded a Notice of Default on October 13, 2009. (*Id.* Ex. 2.) On April 21, 2010, Cal-Western Reconveyance recorded a Notice of Trustee's Sale. (*Id.* ¶ 4.) In July 2010, MERS assigned the Deed of Trust to Aurora Loan Services LLC. (*Id.* Ex. 5.)

On May 24, 2010, Delgado initiated voluntary Chapter 13 bankruptcy proceedings in the Central District of California. *In re Roberto Delgado*, No. 2:10-bk-30861-VZ (Bankr. C.D. Cal. pet. filed May 24, 2010); (RJN Ex. 6.) On November 17, 2010, the bankruptcy court confirmed Delgado's Chapter 13 plan. (RJN Ex. 8.) Aurora Loan Services has since transferred its bankruptcy claim to Nationstar. (*Id.* Ex. 9.) The petition is still pending.

On August 31, 2012, Cal-Western Reconveyance recorded a Notice of Rescission of the Notice of Default and Election to Sell Under Deed of Trust. (*Id.* Ex. 10.)

In 2013, Delgado began negotiating for a loan modification with Nationstar due to financial hardship stemming from reduction in his income. (Compl. ¶ 10.) Delgado alleges that after he submitted a completed application according to Nationstar's instructions, the lender never returned his telephone calls or followed up with him. (*Id.* ¶¶ 12–13.) Eventually, Nationstar informed Delgado that they had denied his application for lack of documents.[2] (*Id.* ¶ 13.)

---

[2] Nationstar submits an April 9, 2013 letter from Nationstar to Delgado's attorney stating that the lender denied the application because Delgado did not fall within the Home Affordable Modification Program guidelines. (RJN Ex. 11.) But the Court may not consider the letter at this stage, because it is not generally known within the community nor can its accuracy be readily determined by sources

On February 26, 2014, Delgado filed suit against Nationstar in Los Angeles County Superior Court, alleging claims for violations of the HBOR, and UCL, Cal. Bus. & Prof. Code § 17200; breach of the implied covenant of good faith and fair dealing; negligence; and negligent infliction of emotional distress. (Not. of Removal Ex. A.) Defendant subsequently removed the action to this Court under diversity jurisdiction. (ECF No. 1.)

Nationstar moved to dismiss Delgado's Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6.) Delgado timely opposed. (ECF No. 11.) That Motion is now before the Court for decision.

### III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as

---

whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). Neither does Delgado attach or incorporate this letter by reference in his Complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The Court therefore **DENIES** Nationstar's Request for Judicial Notice as to Exhibit 11.

true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

The Court finds that Delgado's claims under the HBOR and for negligence, negligent infliction of emotional distress, and breach of the implied covenant of good faith and fair dealing fail as a matter of California law. The Court dismisses the remaining claims as inadequately pleaded and grants leave to amend.

### A. HBOR

Delgado's first claim against Nationstar is for alleged breach of California's newly enacted HBOR. The HBOR now prohibits several nefarious mortgage practices that ensued after the 2008 housing-market collapse, including, among others, "dual tracking" and failing to communicate with the borrower during modification discussions and foreclosure. Cal. Civ. Code §§ 2923.7, 2924.18(a).

Nationstar contends that the HBOR does not apply to Delgado, because he is not a "borrower" as defined by the act. Delgado wholly fails to address this point in his Opposition.

The HBOR excludes from the definition of a borrower an "individual who has filed a case under Chapter 7, 11, 12, or 13 of Title 11 of the United States Code and the bankruptcy court has not entered an order closing or dismissing the bankruptcy case, or granting relief from a stay of foreclosure." Cal. Civ. Code § 2920.5(c)(2)(C).

1  Delgado filed a voluntary Chapter 13 bankruptcy petition on May 24, 2010. (RJN
2  Ex. 6.) The petition is still pending. Delgado therefore does not qualify as a
3  "borrower" under the HBOR. The Court therefore **GRANTS** Nationstar's Motion on
4  this ground **WITHOUT LEAVE TO AMEND**.

**B.     Implied covenant of good faith and fair dealing**

Delgado also brings a claim for breach of the implied covenant of good faith and fair dealing. California law implies in every contract a covenant of good faith and fair dealing. *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 524 (2013). The implied covenant "prevents the contracting parties from taking actions that will deprive another party of the benefits of the agreement." *Id.* The purpose and express terms of the contract limit the implied duty, and a party may not use the covenant to create additional rights not contemplated by the contract's term. *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 373 (1992).

But the existence of a contract is the *sine qua non* of the existence of the covenant. *Fireman's Fund Ins. Co. v. Md. Cas. Co.*, 21 Cal. App. 4th 1586, 1599 (1994). That is, absent a valid, existing contract, there is no implied covenant of good faith and fair dealing and no obligation that the parties negotiate fairly. *McClain v. Octagon Plaza, LLC*, 159 Cal. App. 4th 784, 799 (2008); *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032 (1992).

Nationstar argues that Delagado cannot state an actionable breach of the implied covenant, because he may not use the implied promise to expand his contractual rights beyond those expressed in the underlying deed of trust. Nationstar points out that there is no right to a loan modification under California law. In response, Delagdo contends that "Defendant failed to honor the spirit of the agreement in place for a mortgage loan and repayment." (Opp'n 7.)

The Court finds that Delgado's implied-covenant claim fails as a matter of California law. Not only has Delgado failed to adequately plead what existing contractual right Nationstar allegedly breached via the implied covenant, but as a

matter of logic he could not plead such a right. A loan modification creates a new agreement, as the parties change the terms of the existing deed of trust and promise to perform different obligations. It is axiomatic that California law does not imply any duty of good faith and fair dealing in an agreement not yet in existence. *Fireman's Fund Ins.*, 21 Cal. App. 4th at 1599. In fact, the newly minted HBOR specifically provides that "[n]othing in the act that added [section 2923.4 dealing with loan modifications], however, shall be interpreted to require a particular result of that process." Cal. Civ. Code § 2923.4(a).

Delgado alleges that "Defendant breached the covenant of good faith and fair dealing implicit within the loan contract" (Compl. ¶ 27), and that "Defendant unfairly denied Plaintiff a loan modification and thus interfered with his right to receive the benefits bargained for under the loan contract." (*Id.* ¶ 33.) Noticeably absent are any references to specific contractual provisions that allegedly grant this loan-modification "right." *See Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 525 (2013) (sustaining a demurrer without leave to amend due to a failure to link the alleged breach of the implied covenant with specific contractual provisions).

Absent an explicit contractual provision entitling a party to a future loan modification, a party does not violate the implied covenant of good faith and fair dealing under California law by failing to engage actively or at all in loan-modification negotiations. Delgado's claim on this ground necessarily fails, and the Court **GRANTS** Nationstar's Motion on this point **WITHOUT LEAVE TO AMEND**.

**C.  Negligence**

Under California law, the "existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (Ct. App. 1991). But generally, a financial institution does not owe its borrower a duty of care "when the institution's involvement in the loan transaction does not exceed the scope of its conventional role

1 as a mere lender of money." *Id.* at 1096. Courts have extended this rule to loan
2 servicers as well. *Khan v. CitiMortgage, Inc.*, --- F. Supp. 2d ---, 2013 WL 5486777,
3 at *15 (E.D. Cal. Sept. 30, 2013). A lender or loan servicer exceeds its "conventional
4 role" as a money lender when it "actively participates" in the financed enterprise
5 "beyond the domain of the usual money lender." *Wagner v. Benson*, 101 Cal. App. 3d
6 27, 35 (Ct. App. 1980) (quoting *Connor v. Great W. Sav. & Loan Ass'n*, 69 Cal. 2d
7 850, 864 (1968)).

8 Nationstar argues that Delgado only alleges that it was negligent in the
9 attempted modification of his loan, but Nationstar undertook those actions solely to
10 protect itself on the loan—that is, acting in its conventional role as a money lender.
11 Nationstar also contends that the economic-loss rule bars Delgado's claim since he
12 does not allege that he suffered any physical injury as a result of Nationstar's alleged
13 negligence.

14 In turn, Delgado asserts that Nationstar exceeded the role of a traditional money
15 lender when it executed a loan-modification agreement with Delgado. In doing this,
16 Delgado argues that "Defendant ceased acting wholly as a money lender and began
17 acting instead as an agent of the Departments of Treasury, and Housing and Urban
18 Development, officiating their Home Affordable Modification Program through which
19 Plaintiffs' modification was awarded." (Opp'n 8.) Delgado also contends that this
20 case is analogous to *Anaselli v. JP Morgan Chase Bank, N.A.*, No. C 10-03892 WHA,
21 2011 WL 1134451 (N.D. Cal. Mar. 28, 2011), in which the court allowed a negligence
22 claim to proceed against a lender.

23 The Court finds that California law precludes any negligence claim against
24 Nationstar. The California Court of Appeal recently held,

25 > We conclude a loan modification is the renegotiation of loan terms,
26 > which falls squarely within the scope of a lending institution's
27 > conventional role as a lender of money. A lender's obligations to offer,
28 > consider, or approve loan modifications and to explore foreclosure

1 2 3 4 5 6 7 8 9 10 11
>alternatives are created solely by the loan documents, statutes, regulations, and relevant directives and announcements from the United States Department of the Treasury, Fannie Mae, and other governmental or quasi-governmental agencies. The *Biakanja* factors do not support imposition of a common law duty to offer or approve a loan modification. If the modification was necessary due to the borrower's inability to repay the loan, the borrower's harm, suffered from denial of a loan modification, would not be closely connected to the lender's conduct. If the lender did not place the borrower in a position creating a need for a loan modification, then no moral blame would be attached to the lender's conduct.

*Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 67 (Ct. App. 2013).

Delgado's allegations do not persuade the Court to rewrite California law to support a claim against Nationstar. In fact, Delgado's allegations are inconsistent with each other. He specifically alleges in the Complaint that "Plaintiff was informed that the [loan-modification] file was closed and denied for lack of documents." (Compl. ¶ 13.) Yet in his Opposition, Delgado states that Nationstar "executed a modification agreement with Plaintiffs [*sic*]" and that the loan modification was "awarded." (Opp'n 8.) In any event, the Court must take the allegations in the Complaint as true—therefore precluding any negligence claim against Nationstar as a matter of California law.

Since Delgado's claim fails on this point alone, the Court need not address the economic-loss rule. The Court thus **GRANTS** Defendant's Motion as to Delgado's negligence claim **WITHOUT LEAVE TO AMEND**.

**D. Negligent infliction of emotional distress**

A plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person, if he or she is (1) closely related to the injury victim, (2) present at the scene of the injury when it occurs and is aware that it

is causing injury to the victim, and (3) consequently, suffers emotional distress beyond anything anticipated by a disinterested witness. *Thing v. La Chusa*, 48 Cal. 3d 644, 647 (1989).

Delgado's allegations do not fit the standard for negligent infliction of emotional distress, as he is not a third party that was close by when a victim was injured by someone else's negligence. Negligent infliction of emotional distress is simply inapposite here. Delgado seems to recognize that, as he does not attempt to argue it in his Opposition. The Court accordingly **GRANTS** Nationstar's Motion on this ground **WITHOUT LEAVE TO AMEND**.

**E.     UCL**

*1.     Standing*

To have standing to sue under the UCL, a plaintiff must have "suffered injury in fact and [have] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. The California Supreme Court held that to satisfy this statute, the plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury,* and (2) show that the economic injury was the result of, i.e., *caused by,* the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 322 (2011).

Nationstar cites *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798 (Ct. App. 2007), for the proposition that standing under the UCL is limited to individuals who suffer losses of money or property that are eligible for restitution. *Id.* at 817; (Mot. 10.) Nationstar also specifically argues this point in its Motion. (Mot. 10–11.) But the California Supreme Court specifically disapproved of this holding in *Buckland*, finding that "ineligibility for restitution is not a basis for denying standing under section 17204." *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 337 (2011) (specifically disapproving of *Buckland* by name). Neither is this a fairly new
/ / /

point in California law that could somehow excuse Nationstar's misstatement; rather, *Kwikset* has been the law for over three years.

To make matters worse, Delgado himself states that "California courts have held that only money or property that is subject to restitution satisfies the UCL's standing requirement" (Opp'n 10), and cites another California Court of Appeal case that the California Supreme Court disapproved of by name in *Kwikset*. *See Citizens of Humanity, LLC v. Costco Wholesale Corp.*, 171 Cal. App. 4th 1 (2009), *disapproved of by Kwikset*, 51 Cal. 4th at 337.

In any event, Nationstar's citation to *Buckland* and invocation of its holding is a patent misrepresentation of California law that impugns counsel's integrity and could subject counsel to sanctions within this Court's discretion under Local Rule 83-7.

In his Complaint, Delgado alleges that Nationstar's unfair business practices caused him to suffer continuing interest charges that would otherwise be mitigated, late fees, foreclosure costs, and reduction in equity. (Compl. ¶ 50(b).) Whether these alleged injuries actually stem from Nationstar's unfair practices wholly depends on whether there were any actionable practices to begin with. But the Court must accept Delgado's allegations as true at this stage. The Court therefore finds that Delgado has standing under the UCL.

   *2. Sufficiency of allegations*

Nationstar also alleges that Delgado's UCL claim fails because it is derivative of his other failed claims. But Delagado disagrees, contending that his other claims are viable and likewise the Court should sustain his UCL claim.

UCL's "unlawful" prong "borrows" violations of other laws such that a "defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law." *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (Ct. App. 2005) (internal quotation marks omitted); *see also Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 383 (1992).

/ / /

Since the Court has granted Nationstar's Motion on all of Delgado's other claims without leave to amend, there are no potentially viable claims to underlie his UCL claim under the "unlawful" prong.

To state a claim under the UCL's "fraudulent" prong, a plaintiff "need only show that members of the public are likely to be deceived." *Bank of the W. v. Super. Ct.*, 2 Cal. 4th 1254, 1267 (1992) (internal quotation marks omitted). Neither party specifically addresses whether members of the public are likely to be deceived by Nationstar's conduct as Delgado alleges. The Court has reviewed Delgado's Complaint and is unable to locate an allegation that speaks to whether the lender's conduct is likely to deceive the public. The Court accordingly **GRANTS** Nationstar's Motion on this ground **WITH LEAVE TO AMEND**.

Interpreting the UCL's "unfair" term, the California Supreme Court held that "the word 'unfair' in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). Delgado only alleges that "Defendant's conduct violated the 'unfair' prong of the UCL because its utility is significantly outweighed by the gravity of the harm that it imposes on borrowers." This conclusory allegation does not identify any anticompetitive activity that Nationstar allegedly engaged in. The Court thus **GRANTS** Nationstar's Motion on this ground **WITH LEAVE TO AMEND**.

F.  **Punitive damages**

Nationstar next moves to strike Delgado's punitive-damages request under Rule 12(f). That Rule empowers a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But the Ninth Circuit has held that "Rule 12(f) of the Federal Rules of Civil Procedure does not authorize a district court to dismiss a claim for damages on

the basis it is precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 976 (9th Cir. 2010). Rather, a court must evaluate damages allegation under Rule 12(b)(6).

California law allows for punitive-damages recovery when the plaintiff proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). But that section further provides that an employer is not liable for punitive damages for its employees' conduct "unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice." *Id.* § 3294(b).

Nationstar argues that Delgado never states facts establishing the requisite oppression, fraud, or malice. Further, he has not identified any actions by any of Defendants' officers, directors, or managing agents sufficient to invoke section 3294(b). Delgado does not even touch upon punitive damages in his Opposition.

Section 3294 presents an interesting *Erie* doctrine interplay between California substantive and federal pleading law. Under California law, a plaintiff must do more than simply allege that a defendant's conduct was "wrongful, willful, wanton, reckless, or unlawful" to support a punitive-damages request. *G. D. Searle & Co. v. Super. Ct.*, 49 Cal. App. 3d 22, 29 (Ct. App. 1975). Rather, "fairness demands that [the defendant] receive adequate notice of the kind of conduct charged against him." *Id.* But under federal pleading law, a plaintiff may generally aver "oppression, fraud, or malice" when stating a section 3294 claim. *Jackson v. E. Bay Hosp.*, 980 F. Supp. 1341, 1354 (N.D. Cal. 1997); *see also Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405, 407 (C.D. Cal. 2005); Fed. R. Civ. P. 9(b).

Delgado barely identifies actionable conduct by Nationstar—much less states how that conduct rises to the level of "oppression, fraud, or malice." While he may

generally aver those elements, "Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 686–87 (2009) (specifically interpreting Rule 9(b)'s pleading requirement). Neither has Delgado parsed out the actions of any of Nationstar's employees and how the company is liable for punitive damages as a result of those actions as specified under section 3294(b). Delgado does not mention a single employee of Nationstar in his Complaint, so by that argument, he has failed to satisfy even the most lenient pleading standard. The Court therefore **GRANTS** Defendants' Motion **WITH LEAVE TO AMEND**.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Nationstar's Motion to Dismiss as to Delgado's claims under the HBOR and UCL and for negligence, negligent infliction of emotional distress, breach of the implied covenant of good faith and fair dealing, and punitive damages. (ECF No. 6.) If he may do so consistent with Rule 11(b), Delgado may amend his Complaint within 14 days only with respect to the UCL claim and punitive damages.

**IT IS SO ORDERED.**

May 21, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**